IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID WHITE,

    Plaintiff,

v.

CHARLES BAILEY, *Judge in his Personal Capacity*,

    Defendant.

No. 3:25-cv-00501-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

Plaintiff David White, proceeding pro se, brings this action against Defendant the Honorable Charles Bailey ("Defendant" or "Judge Bailey"). Before the Court is Plaintiff's Motion to Recuse. ("Mot. Recuse", ECF 16). For the reasons discussed below, Plaintiff's Motion to Recuse is denied.

## I.    BACKGROUND

On March 25, 2025, Plaintiff filed this action against Judge Bailey in his personal capacity. Complaint (ECF 1). Subsequently, Plaintiff filed a Certificate of Service asserting that Defendant was served the summonses and complaint on March 25, 2025. (ECF 5). On April 17, 2025, Plaintiff filed a Final Motion for Judgment on the Pleadings ("Motion for Default Judgment", ECF 10). On the same day, Defendant filed his Motion to Dismiss ("Mot. Dismiss", ECF 11) and Objections to Plaintiff's Motion for Default Judgment (ECF 13). On April 21, 2025, the Court ordered that it

construed Defendant's Motion to Dismiss as timely and therefore denied Plaintiff's Motion for Default Judgment. 4/21/2025 Order (ECF 14).

Plaintiff now calls for the Court to recuse itself based on illegal bias for construing Defendant's Motion to Dismiss as timely and because Plaintiff was not given an opportunity to respond to Defendant's Objections. Mot. Recuse, 9, 12.

## II.  DISCUSSION

Plaintiff files his motion to recuse under 28 U.S.C. § 455.[1] *Id.* at 2. "Bias under 28 U.S.C. § 455 must derive from extrajudicial sources." *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1502 (9th Cir. 1987). Section 455(a) covers circumstances which appear to create a conflict of interest, while Section 455(b) covers situations in which an actual conflict of interest exists, even if there is no appearance of one. *Id.*

The Ninth Circuit has defined bias as "an attitude or state of mind that belies an aversion or hostility of a kind or degree that a fair-minded person could not entirely set aside when judging certain persons or causes." *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). The test for bias under Section 455(a) and Section 455(b) is objective and requires a judge to recuse herself in any proceeding in which a reasonable person would conclude that the judge's impartiality might reasonably be questioned—whether or not there is actual bias. 28 U.S.C. § 455(a), (b); *see also Davis v. Xerox*, 811 F.2d 1293, 1295-96 (9th Cir. 1987) (explaining that Section 455(a) applies to acts that appear as conflicts while Section 455(b) applies to acts where a conflict exists, even if

---

[1] It is unclear whether Plaintiff is alleging bias of this Court or Judge Bailey under 28 U.S.C. § 455. *See* Mot. Recuse, 2. Nonetheless, the Court will construe Plaintiff's motion to be pursuant to Section 455 rather than Section 144 because Plaintiff has not filed the required affidavit under Section 144. *See* 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.").

there is no appearance of one). The Ninth Circuit has explained that "[t]he alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

As discussed above, the Court used its discretion and construed Defendant's Motion to Dismiss as timely and consequently denied Plaintiff's Motion for Default Judgment. 4/21/2025 Order; *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (district courts are given broad discretion to manage pretrial litigation (citation omitted)). Plaintiff takes issue with the Court's use of discretion and states he is moving to recuse based on illegal bias and illegal application of administrative law. Mot. Recuse, 9, 11-12.

Plaintiff identifies no extrajudicial source that could reasonably provide a ground for recusal. The fact that Plaintiff disagrees with the Court's use of discretion to allow Defendant to file his motion two days past the responsive pleadings' deadline is insufficient to show bias.[2] As noted, Section 455 requires that the bias stems from an extrajudicial source and this Court's prior ruling alone is an insufficient basis for recusal. *Studley*, 783 F.2d at 939. Therefore, Plaintiff's Motion to Recuse is denied.[3]

---

[2] In addition, Plaintiff's motion for default judgment would have been denied on alternative grounds because it was not preceded by a motion for order of default, which is procedurally required under Rule 55. Fed. R. Civ. P. 55(a) (if a defendant fails to file an answer within the time specified in Rule 12, "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The record reflects that Plaintiff did not seek the clerk's entry of default under Rule 55(a), nor has the clerk entered default. Failure to comply with Rule 55's two-step process warrants denial of a motion for default judgment. Moreover, Defendant made an appearance in the case, so default in this case would be inappropriate.

[3] On April 21, 2025, Plaintiff left a voicemail on the Chambers phone threatening a complaint against the Judge. The Court notes that while Plaintiff's voicemail is inappropriate, it does not disqualify the Court from presiding over this action. *Rowin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1981) ("a judge is not disqualified by a litigant's suit or threatened suit against her") (citation omitted).

### III.  CONCLUSION

For the reasons discussed, Plaintiff's Motion to Recuse (ECF 16) is DENIED.

IT IS SO ORDERED.

DATED this  8th   day of May 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

4 – OPINION AND ORDER