IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID WHITE,

    Plaintiff,

v.

CHARLES BAILEY, *Judge in his Personal Capacity*,

    Defendant.

No. 3:25-cv-00501-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

Plaintiff David White, proceeding pro se, brings this action against Defendant Washington County Circuit Judge Charles Bailey ("Defendant" or "Judge Bailey"). Plaintiff alleges claims for breach of contract, fraudulent misrepresentation, and unjust enrichment, and asks the Court, *inter alia*, to vacate the state court trial decisions in Plaintiff's marital dissolution case.

Before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Motion to Dismiss ("Mot. Dismiss", ECF 11). For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED.

## I.    LEGAL STANDARD

Where the plaintiff "fail[s] to state a claim upon which relief can be granted[,]" the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its

1 – OPINION AND ORDER

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to reasonably infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct[.]" *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680-81. Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When a plaintiff is proceeding pro se, the court must "construe the pleadings liberally and [ ] afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citation omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## II.  DISCUSSION

### A. The Doctrine of Absolute Judicial Immunity Applies

Plaintiff's claims against Judge Bailey are barred by absolute judicial immunity. *See* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers for their judicial conduct "unless a declaratory decree was violated or declaratory relief was unavailable"); *see also Meek v. Cnty.*

*of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A party may challenge a judge's rulings only via appeal, not by suing the judge. *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007). Judicial immunity is unavailable in two circumstances: (1) for nonjudicial actions; and (2) for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). The United States Supreme Court has held that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Plaintiff alleges three claims against Judge Bailey: breach of contract, fraudulent misrepresentation, and unjust enrichment.[1] Complaint ("Compl.", ECF 1), 25-30. Plaintiff's alleged legal injuries exclusively arise from Judge Bailey's purportedly erroneous judgments and decisions. *See generally* Compl. Plaintiff asks the Court to review the marital dissolution, division of assets, spousal support award, and writ of execution selling certain assets and to vacate those rulings. *Id.* at 73-75. And he asks the Court for a dissolution order that is more favorable to him. *Id.*

The first exception to the judicial immunity doctrine—nonjudicial actions—does not apply here. Plaintiff's claims all relate to Judge Bailey's conduct as a judge. In addition, the second exception to the judicial immunity doctrine—judicial actions taken in the absence of all

---

[1] Throughout the Complaint, Plaintiff cites numerous statutes, codes, and cases. For example, Plaintiff alleges that Judge Bailey violated the Americans with Disability Act ("ADA") by denying Plaintiff's request for remote testimony. Compl., 44. This allegation does not appear in the Complaint's "Causes of Action and Claim for Relief" section. *See id.* at 25-30. In addition, Plaintiff has neither pled the elements of an ADA claim nor alleged violation resulted in compensable damages. Thus, the Court will not address the numerous inadequately pled bare allegations where it is impossible to determine a plausible claim for relief.

3 – OPINION AND ORDER

jurisdiction—does not apply here. The Court has reviewed Judge Bailey's actions alleged in Plaintiff's Complaint and finds Judge Bailey has in no way acted "in the clear absence of all jurisdiction." *Mireles*, 502 U.S. at 12. Accordingly, the Court finds that absolute judicial immunity applies to Judge Bailey. Therefore, Plaintiff's Complaint is dismissed.

### B. Plaintiff has Failed to Establish that this Court has Subject Matter Jurisdiction

Even if this matter was not barred by absolute judicial immunity, Plaintiff has failed to establish that this Court has subject matter jurisdiction over this action. The United States Constitution and federal law allow only certain kinds of cases in federal court. This limited authority of a federal court is known as its subject matter jurisdiction, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it. *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case").

#### i. The Court Lacks Federal Question Jurisdiction

Plaintiff brings three claims for relief: breach of contract, fraudulent misrepresentation, and unjust enrichment; all of which are state law claims. Compl., 25-30. To establish federal question jurisdiction, a plaintiff must plead that the defendant has violated a federal constitutional or statutory provision. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (the "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Because Plaintiff has only pled state law claims, the Court lacks federal question jurisdiction over this action.

#### ii. The Court Lacks Diversity Jurisdiction

To establish diversity jurisdiction, a plaintiff must plausibly allege that damages are more than $75,000, that he is a citizen of one state, and that the defendant is a citizen of a different state. 28 U.S.C. § 1332(a). Plaintiff alleges damages of $2,000,000, which exceeds the jurisdictional

4 – OPINION AND ORDER

requirement. Compl., 71-73. However, the Civil Cover Sheet states that both Plaintiff and Defendant reside in Washington County, Oregon. Civil Cover Sheet (ECF 1-1). Because Plaintiff and Defendant are citizens of the same state, the Court lacks diversity jurisdiction over this action.

### iii.   The Rooker-Feldman Doctrine Applies

Even if Plaintiff was able to establish federal jurisdiction or diversity jurisdiction the *Rooker-Feldman* Doctrine bars this suit. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to hear cases that amount to a collateral attack on a final state court judgment. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003); *see* 28 U.S.C. § 1257. *Rooker-Feldman* bars what is, in essence, an appeal from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. Plaintiff is asking the Court to do just that—review a *de facto* appeal of a state court decision. Because the *Rooker-Feldman* doctrine applies, this Court lacks subject matter jurisdiction to hear Plaintiff's claims.

## C.   Plaintiff's Complaint is Dismissed with Prejudice

The Court is mindful that dismissal with prejudice, especially of a pro se plaintiff's complaint, is generally disfavored. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). As detailed above, Plaintiff's claims against Judge Bailey are barred by absolute judicial immunity and lack of subject matter jurisdiction. The Court therefore finds that "it is absolutely clear that no amendment can cure the defect[s]" in Plaintiff's Complaint. *Garity*, 828 F.3d at 854. Because the defects cannot be cured by amendment, dismissal with prejudice is appropriate.

### III. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Dismiss (ECF 11) is GRANTED, and Plaintiff's Complaint is dismissed with prejudice. All pending motions are denied as moot.

IT IS SO ORDERED.

DATED this <u>28th</u> day of May 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge